**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

BISMARK KAWKU TORKORNOO,       *

                               *

Plaintiff,                     *

                               *

v                         *        Civil Action No. PJM-15-980

                               *

MARY TORKORNOO, et al.       *

                               *

Defendants.               *

                            ***

**MEMORANDUM OPINION**

On April 6, 2015, Bismark Kawku Torkornoo ("Torkornoo") a resident of Germantown, Maryland, who is self-represented, filed a forty-two page complaint, later amended, alleging Mary Torkorno, Jacqueline E. Ngole, Esq., Nina Helwig, Esq, John C. Monahan, Esq., Judge Cynthia Callahan, and Master Clark Wisor (ECF 1, 3), violated his rights under the Due Process Clause, the Equal Protection Clause, the Fifth Amendment, and the Civil Rights Act as well as perpetrated battery, accounting fraud, abuse of process and "emotional distress" against him during divorce and child custody proceedings, and the related supervised sale of his marital home. (ECF 3, p. 2, 14,40-43).[1] As relief, he is requesting compensatory and punitive damages.

Also pending is Torkornoo's Motion for Injunctive Relief, as amended. (ECF 2, 4). The Amended Motion for Injunctive Relief essentially summarizes the allegations in the Amended Complaint, and asks this Court to: (1) grant relief by enforcing a judgment against Mary Torkornoo in the amount of $1,500 to be recredited to his Montgomery County Office of Child

---

[1] In *Torkornoo, v. Ngole, et al,* Civil Action No. PJM-15-839 (D. Md. 2015), Plaintiff presented claims against Defendants Mary Torkorno, Jacqueline E. Ngole, Esq., Nina Helwig, Esq., and John C. Monahan, Esq., based on allegations arising from the same events. That case was dismissed without prejudice for lack of subject matter jurisdiction.

Support Enforcement Account;[2] (2) grant relief for claims that might not otherwise fall under this Court's jurisdiction; and (3) set aside the state court order concerning the special assignment of his case in the Circuit Court for Montgomery County. (ECF 4).  Torkornoo's Motion for Entry of Default (ECF 6) will be dismissed, as service on Defendants has not been made on Defendants.

### BACKGROUND

Plaintiff identifies Defendants as follows. Mary Torkornoo is Plaintiff's former wife. (ECF 4 p. 2). Jacqueline E. Ngole is an attorney who represented Mary Torkornoo in divorce and child custody proceedings against Plaintiff. *Id*.  Nina Helwig was appointed by the Circuit Court for Montgomery County as a Best Interest Attorney ("BIA") for the couple's minor children. *Id*. John C. Monahan is an attorney in private practice who was appointed by the Circuit Court of Montgomery County as trustee over the sale of the Torkornoo's former marital home in Maryland. *Id*. at 2. Judge Cynthia Callahan and Master Clark Wisor [3] presided over Torkornoo's proceedings in state court. *Id*. at 4-5. All parties in this action are or appear to be Maryland residents.

Plaintiff explains this case "arose from the Circuit Court for Montgomery County between April 25, 2012 and November 27, 2013.  Plaintiff was the aggrieved party in that his civil rights were violated because of [sic] he is a Black Male." (ECF 3, p. 3). Apart from this conclusory allegation, no facts are presented to substantiate the claim of civil rights abridgment. Torkornoo asserts in his Amended Motion for Injunctive Relief that his civil rights were violated because he is a black male, "the only black mail among his adversaries." (ECF 4, p. 1).

---

[2]  Torkornoo appears to refer to a July 29, 2010 order issued by the Circuit Court for Montgomery County (ECF 4-1) which was later superseded by that court. (ECF 4-2).

[3]  Cynthia Callahan is Associate Judge in the Circuit Court for Montgomery County. Clark E. Wiser, III,  is Family Magistrate in the Circuit Court for Montgomery County.  *See* http://msa.maryland.gov/msa/ mdmanual/ 36loc/mo/ html/moj.html.

Torkornoo also claims that in 2013, Monahan misrepresented the balance of the mortgage on the marital home and, as a result, Torkornoo lost his fair share of equity in the property. (ECF 3, pp. 8, 15-16). He alleges Judge Callahan and Magistrate Wiser, who were specially assigned to his cases, "threatened and intimidated" him. *Id*. 9-10. Judge Callahan allegedly ordered three sheriffs into the courtroom, and one stood on each side of Torkornoo during the hearing on the sale of the real property, although Torkornoo avers he did nothing wrong to provoke the judge's anger. *Id*. at 9-10. He claims Master Wiser was hostile to him during court proceedings and engaged in *ex parte* communication with Ms. Helwig. *Id*. at 13. Torkornoo questions whether the decisions rendered by Judge Callahan and Master Wiser were impartial. *Id*., pp. 11-14.

## DISCUSSION

Federal district courts "possess only the jurisdiction authorized them by the United States Constitution and by federal statute." *United States ex rel. Voyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009) (citing *Bowles v. Russell*, 551 U.S. 205 (2007)). Federal jurisdiction exists only when a "federal question" is presented pursuant to 28 U.S.C. § 1331 or where there is diversity of citizenship and the amount in controversy exceeds $75,000 pursuant to 28 U.S.C. § 1332. *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (2004).[4] "It is well established that before a federal court can decide the merits of a claim, the claim must invoke the jurisdiction of the court." *Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006). "[J]urisdiction goes to the very power of the court to act." *Ellenburg v. Spartan Motors Chassis, Inc.,* 519 F.3d 192, 196 (4th Cir. 2008). Moreover, a district court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U .S. 77, 94 (2010). "Subject matter jurisdiction cannot be forfeited or waived, and

---

[4] Because the parties are all identified as  Maryland citizens, the record provides no basis for this Court to exercise jurisdiction based on diversity of citizenship of the parties.

can be raised by a party, or by the court sua sponte, at any time prior to final judgment." *In re*

*Kirkland*, 600 F.3d 310, 314 (4th Cir. 2010).  Pursuant to Fed.R.Civ.P. 12(h)(3), "the court must

dismiss the action" if and when it determines that the court lacks subject matter jurisdiction. *See*

*also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506–07 (2006).

The Complaint is deficient in a number of respects in this regard.  First, Tokornoo's

threadbare allusion to due process, equal protection, Fifth Amendment, and civil rights violations

is insufficient to confer federal question jurisdiction in this case.  Apart from this summary

litany, there are no allegations of fact presented to plead a plausible federal claim to support the

existence of federal question jurisdiction.  His assertion that he is the only black male among his

"adversaries," falls far short of supporting a civil rights claim.  (ECF 4, p. 1).

The Court recognizes that Torkornoo is a self-represented litigant, and his pleadings

must be given liberal construction, *see e.g. Erikson v. Pardus*, 551 U.S. 89, 94 (2007), however,

liberal construction does not mean the Court can ignore a clear failure in the pleading to allege

facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc.*

*Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The

Supreme Court has made clear that, under Rule 8 of the Federal Rules of Civil Procedure, a

plaintiff in any civil action must allege more than mere conclusory statements. *See Iqbal*, 556

U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint must

contain sufficient factual allegations, accepted as true, which state a claim that is plausible on its

face. *Iqbal*, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Instead, the

gravamen of this Complaint is Torkornoo's disagreement with a March 25, 2009, ruling by the

Circuit Court for Montgomery County awarding Mary Torkornoo child custody and subsequent state court rulings between 2010 and 2013 concerning temporary protective orders, allegations of domestic abuse, and child visitation.  Where, as here, no federally cognizable claim is raised, there is no basis for this Court to exercise subject matter jurisdiction.

Furthermore, Defendants are either not amenable to suit under 42 U.S.C. § 1983 or are immune from suit for damages. The statute at 42 U.S.C. § 1983 requires "that the alleged deprivation was committed by a person acting under color of state law," *West v. Atkins*, 487 U.S. 42, 48 (1988), that is, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Torkornoo presents no allegations or facts suggesting that Mary Torkornoo, Jacqueline Ngole, or Nina Helwig, are state actors under 42 U.S.C. § 1983. The Maryland Court of Appeals has made clear that pursuant to state statute, a BIA attorney does not act as an arm of the court. *Fox v. Willis*, 390 Md. 620, 634, 890 A.2d 726, 734 (2006). Similarly, Defendant Monahan is a private attorney (ECF 1-7) whose participation in the sale of the marital home did not render him a state actor to subject him to liability under § 1983.

Associate Judge Cynthia Callahan and Family Magistrate Clark E. Wiser, III are judicial officers who may not be held liable for an award of money damages if they have acted within the scope of their jurisdiction. *See Pulliam v. Allen*, 466 U.S. 522, 543 (1984); *Pressly v*. Gregory, 831 F.2d 514, 517 (4th Cir. 1987) ("As judicial officers, magistrates are entitled to absolute immunity for acts performed in their judicial capacity."). Judicial immunity is immunity from suit, not just from an ultimate assessment of damages, and is not overcome by allegations of bad faith or malice. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Notably, nowhere in the Complaint does

Torkornoo allege either Judge Callahan or Magistrate Wise acted outside his or her judicial capacity, and the claims against them focus on their judicial rulings.[5]

After reviewing the Complaint and exhibits, the Court is of the view that this action, although captioned as a proceeding under 42 U.S.C. § 1983, is essentially an attempt to appeal in this federal court various state court rulings in divorce and custody proceedings in the Circuit Court for Montgomery County. Domestic relations cases, including child custody matters, are generally not heard in federal court, precisely because "State courts ... have the experience to deal with this specific area of the law." *Cantor v. Cohen*, 442 F.3d 196, 202 (4th Cir. 2006) (noting that "federal courts are courts of limited jurisdiction and generally abstain from hearing child custody matters") (citing *Cole v. Cole*, 633 F.2d 1083, 1087 (4th Cir.1980)). Plaintiff's claims plainly involve issues of family law matters litigated in state court traditionally reserved to the state court systems, and will not be considered here.

Further, the Rooker–Feldman doctrine warrants abstention in this case. *See Rooker v. Fidelity Trust Co*., 263 U.S. 413, 415–16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482–86 (1983). The Rooker–Feldman doctrine is a jurisdictional rule that prohibits a federal district court from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp*., 544 U.S. 280, 284 (2005). In other words, the doctrine precludes claims that seek redress for an injury caused by a state-court decision, because such a claim essentially asks "'the federal district court to conduct an appellate review of the

---

[5]  Maryland's Constitution permits Circuit Court judges to appoint officers for their courts. (Article IV, Section 9). A family magistrate is an officer of the Circuit Court who is selected by the judges of that court to hear certain family law and juvenile cases. *See* Rule 1-501 of the Standing Rules of the Court of Appeals.

state-court decision.'" *Adkins v. Rumsfeld*, 464 F.3d 456, 464 (4th Cir. 2006) (quoting *Davani v. Va. Dep't of Transp*. 434 F.3d 712, 719 (4th Cir. 2006)).

Lastly, Torkornoo fails to demonstrate the elements necessary for issuance of a preliminary injunction, which requires satisfying all of the following: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *The Real Truth About Obama, Inc. v. Federal Election Comm'n*, 575 F.3d 342, 346–47 (4th Cir. 2009). A plaintiff must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd. v. Breakthrough Medical Group,* 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted). In light of the discussion herein, a federal injunction is not in the public favor and no prospective harm is alleged. Torkornoo's claims for redress are for purported harm suffered in past years.  There is no showing of imminent harm, or that the balance of equities tips in his favor.  His filing is insufficient to assess the likelihood of success on the merits. Accordingly, the Motion for Injunctive Relief will be denied.

## CONCLUSION

For these reasons, the Court will DISMISS this case without prejudice for lack of jurisdiction.  The Motion for Injunctive Relief will be denied and the Motion for Entry of Default will be dismissed. A separate Order will be entered reflecting the ruling set forth in this Memorandum Opinion.

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

April 29, 2015